IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 15-cv-01060-RPM

PAMELA REYNOLDS,

    Plaintiff,

v.

COLLECTIONCENTER, INC.;
EDMONDS, RUSSEL AND LOGUE, PC; and
JEFFREY M. LOGUE,

    Defendants.

---

ORDER GRANTING SUMMARY JUDGMENT IN FAVOR OF
DEFENDANTS EDMONDS, RUSSEL AND LOGUE, P.C. and JEFFREY M. LOGUE

---

Pamela Reynolds ("“Ms. Reynolds" or "the Plaintiff") claims that attorney Jeffrey M. Logue and the law firm of Edmonds, Russel and Logue, P.C. (collectively, "the Attorney Defendants") violated the Fair Debt Collection Practices Act ("FDCPA") by wrongly naming her as a defendant in a debt collection action filed on January 30, 2015, on behalf of CollectionCenter, Inc. in the County Court for Boulder County, Colorado, Case No. 2015C30329. Specifically, the Plaintiff alleges that the filing of that lawsuit was intended to harass, oppress or abuse her in violation of 15 U.S.C. §1692d; that the Attorney Defendants violated §1692e by misrepresenting her name in the complaint, and that they used unfair and unconscionable means to collect the debt in violation of §1692f . (Am. Compl. ¶¶ 15 - 20.) The Plaintiff also alleges that the complaint in the Boulder County action violated 15 U.S.C. §1692c,

which generally prohibits a debt collector from communicating with non-liable third parties. (Am. Compl. ¶ 14.)

The Plaintiff's FDCPA claims are all premised on allegations that the complaint in the Boulder County collection action mistakenly identified her as the wife of Craig Buckley and wrongly claimed she was liable for his debt to Rocky Mountain Medical Imaging under the Family Expense Doctrine.[1]

In their amended answer, the Attorney Defendants denied liability and asserted ten defenses under the heading of "affirmative defenses."

The Plaintiff has moved for partial summary judgment, seeking dismissal of the Attorney Defendants' affirmative defenses. The Attorney Defendants moved for summary judgment of dismissal, arguing that the Plaintiff's FDCPA claims fail because the Attorney Defendants reasonably relied on information provided to them by their client and the original creditor and their bona fide error defense is established by undisputed facts.

The following facts are undisputed except as otherwise stated:

Rocky Mountain Medical Imaging ("RMMI") provided services to Craig D. Buckley, and claimed it was owed $322 and $26 for those services, for a total principal amount of $348.00. (Defs.' Ex. E, Affs. of Indebtedness and Assignment.)

---

[1] The Family Expense Doctrine is set forth in C.R.S. § 14-6-110, which provides: "The expenses of the family and the education of the children are chargeable upon the property of both husband and wife, or either of them, and in relation thereto they may be sued jointly or separately." The Plaintiff had no contractual relationship with RMMI regarding Craig Buckley's debt.

RMMI's records regarding Craig Buckley's account included notations about communications with Ms. Reynolds on October 1, 2013 and January 3, 2014, in which Ms. Reynolds was described as Craig Buckley's spouse. (Defs.' Ex. B, RMMI client notes.)

RMMI retained CollectionCenter, Inc. ("CollectionCenter") to collect the amounts owed for the services RMMI provided to Craig Buckley ("the Buckley Debt"). CollectionCenter is a licensed debt collector in the business of collecting consumer debts in Colorado. (Klinger Aff. ¶ 3) CollectionCenter is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

CollectionCenter began trying to collect the Buckley Debt in July 2014. In CollectionCenter's Debtor Account History for the Buckley Debt, Ms. Reynolds was identified as Craig Buckley's spouse. (Defs.' Ex. C.)

CollectionCenter retained attorney Jeffrey M. Logue, a partner in the law firm of Edmonds, Russel & Logue, P.C. (now known as Edmonds & Logue, P.C.), to represent CollectionCenter in its efforts to collect the Buckley Debt. (Logue Aff. ¶ 2; *see also* Klinger Aff. ¶4.)

Mr. Logue and his law firm devote a significant portion of their practice to debt collection. They are "debt collectors" as that term is defined by 15 U.S.C. § 1692a(6). Mr. Logue states in an affidavit that Edmonds & Logue trains its employees in collection procedures and the requirements of the FDCPA. (Logue Aff. ¶ 1.)

The Attorney Defendants are often retained by CollectionCenter to collect debts and pursue collection litigation against debtors. The Attorney Defendants had represented RMMI in the past. (Logue Aff. ¶¶ 1-4.)

CollectionCenter provides the Attorney Defendants with access to its computer network, which allows the firm's attorneys and staff to view CollectonCenter's account histories. (Logue Aff. ¶ 4.) The Attorney Defendants were able to view CollectionCenter's Account History for Craig Buckley on CollectionCenter's network. (Logue Aff. ¶ 6.)

Mr. Logue states in his affidavit that before the Attorney Defendants engage in any efforts to collect a debt on behalf of CollectionCenter, the Attorney Defendants' practice is to have a member of their staff review CollectionCenter's debtor account history and identify the responsible parties according to CollectionCenter's records. It is also the Attorney Defendants' practice to have the authorizing attorney review CollectionCenter's debtor account history before any correspondence is sent by an attorney of the firm. (Logue Aff. ¶ 7.)

On October 15, 2014, the Attorney Defendants sent Ms. Reynolds a letter (known as a "validation letter") which identified the Buckley Debt, offered to verify the debt, and informed Ms. Reynolds of her right to dispute the debt. (Logue Aff. ¶ 11.) The Attorney Defendants did not receive a response from Ms. Reynolds to the letter. (*Id.*) She states in a declaration that she never received it. (Reynolds Decl. ¶5, doc. #27-1.)

CollectionCenter directed the Attorney Defendants to file a civil action to collect the Buckley Debt. Before a debt collection action is filed on behalf of CollectionCenter, it is the practice of CollectionCenter to generate an affidavit of indebtedness and assignment for the original creditor to sign. (Logue Aff. ¶8.) Such affidavits identify the original creditor, the amount owed, and the responsible parties. (*Id.*)

CollectionCenter prepared two Affidavits of Indebtedness and Assignment for RMMI's signature, for the purpose of identifying the Buckley Debt and assigning that debt to

CollectionCenter.  (Defs.' Ex. E; *see also* Klinger Aff. ¶ 6.)  A representative of RMMI signed the two Affidavits of Indebtedness and Assignment on December 26, 2014.  (Defs.' Ex. E.)  In the Affidavits of Indebtedness and Assignment, a representative of RMMI declared that "CRAIG D BUCKLEY and PAMELA REYNOLD BUCKLEY are justly and truly indebted to [RMMI], over and above all legal set-offs and counterclaims, … and that said sum is due [RMMI] for the following reasons:  services rendered."  (*Id.*)

Rebecca Klinger, a representative of CollectionCenter states in her affidavit that CollectionCenter did not independently investigate the relationship between Craig Buckley and Ms. Reynolds beyond references to an apparent spouse in supporting documentation.  (Klinger Aff. ¶ 8.)  Ms. Klinger states that CollectionCenter does not maintain written procedures for determining whether a consumer and another person were married and living together when the healthcare services were rendered.  (Klinger Aff. ¶ 7.)

CollectionCenter received the Affidavits from RMMI on January 7, 2015, and provided them to the Attorney Defendants.  (Logue Aff. ¶12; Klinger Aff. ¶9.)

Ms. Klinger states that the two Affidavits of Indebtedness and Assignment were the entirety of the documents that CollectionCenter provided to the Attorney Defendants for collection of the Buckley Debt.  (Klinger Aff. ¶ 10.)  It is undisputed, however, that CollectionCenter also provided the Attorney Defendants with access to CollectionCenter's Debtor Account History for the Buckley Debt, by providing the Attorney Defendants with access to its network.  (Logue Aff. ¶¶ 6-7.)

It is the practice of the Attorney Defendants to have a staff member review the Affidavits of Indebtedness and Assignments before generating pleadings to collect a debt.  In addition, it is

the firm's practice to have an attorney review the Affidavits of Indebtedness and Assignment before the attorney signs the complaint that initiates the filing of a collection action. (Logue Aff. ¶10.)

On January 30, 2015, the Attorney Defendants filed a collection action on behalf of CollectionCenter against Craig Buckley and "Pamela Reynold Buckley" in the County Court for Boulder County, Colorado, Case No. 2015C30329, seeking to recover from them the sum of $348.00, plus interest, costs, and attorney's fees for goods and services provided to Craig Buckley by RMMI. The Boulder County complaint alleged that the debt constituted a "family expense."

On March 25, 2015, Ms. Reynolds filed an answer to the Boulder County Complaint and informed the Attorney Defendants that she is not married to Mr. Buckley. On May 6, 2015, during a pre-trial conference for the collection action, Mr. Logue dismissed CollectionCenter's claim against Ms. Reynolds. (Logue Aff. ¶ 13.) According to Mr. Logue, "The pre-trial conference was the first opportunity that Edmonds & Logue had to dismiss the claim against Plaintiff due to the procedures utilized by the Boulder County Court since the Plaintiff had filed an answer." (Logue Aff. ¶ 13.)

On May 20, 2015, the Plaintiff filed this FDCPA action against CollectionCenter and the Attorney Defendants.

The Plaintiff's claims against CollectionCenter were dismissed with prejudice by order dated November 24, 2015, pursuant to stipulation.

In declaration dated January 4, 2016, the Plaintiff states that she is not and has never been married to Mr. Buckley. (Reynolds Decl. ¶ 2.) She states that she has never used the names


"Pamela Reynold Buckley" or "Pamela Reynolds Buckley" and has never used the last name "Buckley" for any reason. (*Id.* ¶ 4.)

The Plaintiff's motion for partial summary judgment and the Attorney Defendants' motion for summary judgment are, primarily, cross motions directed to the Defendants' bona fide error defense pursuant to 15 U.S.C. § 1692k(c). That subsection provides as follows:

> A debt collector may not be held liable in any action brought under this subchapter if the debt collector shows by a preponderance of evidence that the violation was not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid any such error.

"The bona fide error defense is an affirmative defense that insulates debt collectors from liability even when they have violated the FDCPA." *Johnson v. Riddle*, 443 F.3d 723, 727 (10th Cir. 2006) ("*Johnson IV*").[2]

Because the Attorney Defendants seek summary judgment in their favor on the basis of their affirmative defense, the parties' respective burdens are as follows:

> [t]he defendant ... must demonstrate that no disputed material fact exists regarding the affirmative defense asserted. If the defendant meets this initial burden, the plaintiff must then demonstrate with specificity the existence of a disputed material fact. If the plaintiff fails to make such a showing, the affirmative defense bars his claim, and the defendant is then entitled to summary judgment as a matter of law.

*Johnson IV*, 443 F.3d at 724-25, n.1 (citing *Hutchinson v. Pfeil*, 105 F.3d 562, 564 (10th Cir.1997)).

---

[2] *See* 443 F.3d at 724 (discussing the procedural history of *Johnson v. Riddle*). The Tenth Circuit employed the phrase "*Johnson II*" as a shorthand reference for the earlier opinion, *Johnson v. Riddle*, 305 F.3d 1107 (10th Cir. 2002). That convention is used in this order. According to that numbering system, the Tenth Circuit's 2006 opinion in *Johnson v. Riddle* is "*Johnson IV*."

"[A]n FDCPA defendant seeking the protection of the bona fide error defense carries the burden of proving that the violation was: (1) unintentional; (2) a bona fide error, and (3) made despite the maintenance of procedures reasonably adapted to avoid the error." *Johnson IV*, 443 F.3d at 727-28; *Johnson II,* 305 F.3d at 1121.

To show that the alleged violation was unintentional, the Attorney Defendants point to Mr. Logue's Affidavit, which describes the procedures the Attorney Defendants use to verify an alleged debt before filing suit on behalf of CollectionCenter and explains the circumstances surrounding the dismissal of CollectionCenter's claims against Ms. Reynolds. (Logue Aff. ¶¶ 4-12.) Mr. Logue's affidavit concludes with the statements: "I did not intend to attempt to collect a debt from a person who was not responsible for the debt.... I had no intention of violating the Fair Debt Collection Practices Act. (Logue Aff. ¶ 14.)

The Plaintiff responds that the alleged error was a mistaken belief that the Attorney Defendants could rely on information provided by their client. The Plaintiff argues that such an error is a mistake of law and, as such, cannot be characterized as unintentional.

The Plaintiff's argument mischaracterizes the alleged error, which was naming the Plaintiff as a defendant in the Boulder County collection action on the assumption that she was the wife of Craig Buckley. Such an error is a mistake of fact. In addition, the distinction that the Plaintiff attempts to draw is not significant because the FDCPA's bona fide error defense encompasses mistakes of law. *See Johnson II*, 305 F.3d at 1123-24.

To prove the intent element of the bona fide error defense, "a debt collector must show that the violation was unintentional, not that the underlying act itself was unintentional. In other words, a violation is unintentional for purposes of the FDCPA's bona fide error defense if the

debt collector can establish the lack of specific intent to violate the Act." *Johnson IV*, 443 F.3d at 728. "The intent prong of the bona fide error defense is a subjective test," and "the extent to which [an FDCPA defendant] should have objectively realized that his actions were in violation of law may be inferentially probative of the subjective intentional nature of that violation." *Id.*, 443 F.3d at 728-29.

The second element of the defense requires determination of whether the error was bona fide. That determination is an "objective test." *Id.*, 443 F.3d at 729. An error is bona fide if it was made in good faith – that is, "a genuine mistake, as opposed to a contrived mistake." *Kort v. Diversified Collection Servs.*, 394 F.3d 530, 538 (7th Cir. 2005).

The Plaintiff contends that a contrived mistake occurred, showing that the Boulder County Complaint identified her name as "Pamela Reynolds Buckley," when she has never used that name. The Attorney Defendants contend that the alleged error was an innocent mistake that resulted from their reliance on information provided by CollectionCenter and RMMI.

A debt collector is entitled to reasonably rely on the creditor's statements regarding the alleged debt. *See Clark v. Capital Credit & Collection Servs.*, 460 F.3d 1162, 1174 (9th Cir. 2006) (A debt collector is entitled "within reasonable limits" to rely on the creditor's statements to verify the debt); *Solomon v. Baer & Timberlake, P.C.*, 504 Fed. App'x 702, 705 (10th Cir.2012) (unpublished); *Beattie v. D.M. Collections, Inc.*, 754 F. Supp. 383, 392 (D. Del. 1991) ("Generally, a debt collector may reasonably rely upon information provided by a creditor who has provided accurate information in the past.").

Whether a debtor collector's reliance on information provided by the creditor was reasonable is an issue of fact. Relevant facts include the defendant's procedures for avoiding the error and the defendant's relationship with the creditor.

In this Circuit, "the procedures component of the bona fide error defense involves a two-step inquiry: First, whether the debt collector "maintained" – i.e. actually employed or implemented – procedures to avoid errors; and second, whether the procedures were 'reasonably adapted' to avoid the specific error at issue." *Johnson IV*, 443 F.3d at 729; *see also Reichart v. Nat'l Credit Sys., Inc.*, 531 F.3d 1002, 1006-07 (9th Cir. 2008) ("To qualify for the bona fide error defense under the FDCPA, the debt collector has an affirmative obligation to maintain procedures designed to avoid discoverable errors ....")

The Attorney Defendants have shown that they maintained procedures to avoid the error of pursuing collection activities against a person not responsible for the debt. Logue said they provide training for their employees about the requirements of the FDCPA. The firms's pre-litigation procedures included two reviews of CollectionCenter's account history for the Buckley Debt (first by a staff member and then by an attorney), the sending of the validation letter, and two reviews of the Affidavits of Indebtedness and Assignment that were signed by RMMI. The Attorney Defendants did not review RMMI's records, but those records were the basis for the Affidavits of Indebtedness and Assignments. In light of the fact that RMMI's records indicated that the Plaintiff was identified as Buckley's spouse during two communications with RMMI, it is not apparent why CollectionCenter should have questioned that documentation or why the Attorney Defendants should have delved further.

Logue stated that to his knowledge, "the information that Edmonds & Logue, P.C. has received from [CollectionCenter] concerning debts and debtors in the past has been accurate." (Logue Aff. ¶ 5.)  The Plaintiff disputes that statement, providing the captions and docket numbers of six FDCPA cases filed against CollectionCenter in this judicial district in the past two years.  (Pl.'s resp. at pp. 6-7.)

The Attorney Defendants reply that they have represented CollectionCenter in thousands of cases, and the six civil actions identified by the Plaintiff represent less than 25 hundreths of one percent (.025%) of that caseload, and this experience shows that CollectionCenter has an history of providing accurate information to the Attorney Defendants.  (Defs.' reply at p. 9.)

Citing *Reichart v. National Credit Systems, Inc.*, 531 F.3d 1002, 1006-07 (9th Cir. 2008), the Plaintiff  argues that the fact that a creditor has provided accurate information in the past does not, in and of itself, establish that reliance in the present case was reasonable.

The Plaintiff's reliance on *Reichart* is misplaced.  In that action, the United States Court of Appeals for the Ninth Circuit held that the defendant failed to establish its bona fide error defense because the defendant "submitted only a conclusory declaration stating that it maintained procedures." 531 F.3d at 1007.  Here, the Attorney Defendants have provided more than conclusory statements about their pre-litigation procedures.

Section 1692k(c) requires only that debt collectors adopt reasonable procedures to avoid the subject mistake.  A debt collector is not required to take every conceivable effort to avoid the error.  *See Hyman v. Tate*, 362 F.3d 965, 968 (7th Cir. 2004) ("Although [the debt collector] could have done more…, § 1692k(c) only requires collectors to adopt reasonable procedures.").

The undisputed facts establish all three elements of the Attorney Defendants' bona fide error defense.  The Plaintiff has not shown that there triable issues about whether the Attorney Defendants' reasonably relied on information provided by CollectionCenter and RMMI, nor has she shown any triable issue about the sufficiency of the Attorney Defendants' pre-litigation procedures.  Reasonable jurors could conclude only that the Attorney Defendants made an unintentional, bona fide error, despite their implementation and use of procedures that were reasonably adapted to avoid suing a person not legally responsible for the debt.

Because undisputed facts establish the Attorney Defendants' bona fide error defense, arguments directed to the Attorney Defendants' other defenses do not need to be addressed.

Accordingly, it is

ORDERED that the motion for summary judgment filed by Defendants Edmonds, Russel & Logue, P.C. (now known as Edmonds & Logue, P.C.) and Jeffrey M. Logue (doc. #25) is granted; it is

FURTHER ORDERED that the Plaintiff's motion for partial summary judgment (doc. #24) is moot.

The clerk shall enter judgment dismissing the Plaintiff's claims against Defendants Edmonds, Russel & Logue, P.C. (n/k/a Edmonds & Logue, P.C.) and Jeffrey M. Logue, with an

award of costs to those Defendants upon the filing of a bill of costs pursuant to

D.C.COLO.LCivR 54.1.

The Plaintiff's claims against Defendant CollectionCenter, Inc. having been dismissed pursuant to stipulation on November 24, 2015, the judgment to be entered is a final judgment.

Date:   February 26, 2016

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge